IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:11-cv-403-MEF |
| ) | [wo] |
| UPS DELIVERY SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed May 31, 2011). It is the Recommendation of the Magistrate Judge that this case be dismissed for failure to pay the filing and failure to obey Court orders.

### I.  NATURE OF THE CASE

*Pro se* Plaintiff Angela Denise Nails ("Nails" or "Plaintiff") brought suit on May 26, 2010. *See* Doc. 1. Nails is a familiar litigant in the Middle District of Alabama. Since 2006, she has filed fifty (50) lawsuits in this district. Most of these cases have been dismissed prior to service of process pursuant to 28 U.S.C. § 1915.

In the instant suit, on June 2, 2011, the Court ordered Plaintiff file by June 13, 2011 an amended motion to proceed *in forma pauperis* and set a hearing on the motion on June 17, 2011. *See* Doc. 4. Plaintiff filed a response which indicated her opinion that she should not

have to come to a hearing and specifically stated "The Plaintiff will not be present for ex parte hearing at 9:00 a.m. and the Plaintiff will not be completing the application for Informal [sic] Pauperis to file for indigent Plaintiff." *See* Doc. 5. True to her word, Plaintiff did not show for the June 17, 2011 hearing. Therefore, the Court denied Nails' motion to proceed *in forma pauperis* for failure to obey the Court's order as well as because she has $25,000.00+ in her personal checking account. *See* Doc. 7; *see also Nails v. Civilian Claims Disability*, Civ. Act. No. 1:11-cv-402-WHA (M.D. Ala. 2011), Doc. 5, Amended Affidavit. The Court also informed Nails that she must pay the filing fee on or before June 24, 2011 or this case would be subject to dismissal. No filing fee was paid.

## II. DISCUSSION AND ANALYSIS

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." FED. R. CIV. P. 41(b). As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)). Moreover, "[a]lthough the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be

exercised *sua sponte* whenever necessary to 'achieve the orderly and expeditious disposition of cases'" *Lopez v. Aransas County Indep. Sch. Dis.*, 570 F.2d 541, 544 (5th Cir. 1978) (quoting *Link*, 370 U.S. at 630-31, 82 S.Ct. at 1389); *see also Frances v. Brandon*, 287 Fed. Appx. 69, 71 (11th Cir. 2008) (quoting *Lopez*). Additionally, "[t]he court's power to dismiss is an inherent aspect of its authority to enforce its order and insure prompt disposition of lawsuits. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). Moreover, a person who is proceeding *pro se* must still comply with court orders.

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, the Magistrate Judge nonetheless recommends dismissal of this action as Nails failed to obey two separate court orders and did not pay the requisite filing fee. The court's order denying plaintiff's motions to proceed *in forma pauperis* clearly advised Nails that, if she failed to pay the filing fee within the prescribed time as directed, this action may be dismissed. *See* Doc. 7. Thus, the claims merit dismissal pursuant to FED. R. CIV. P. 41(b).

### III. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1) Plaintiff's claims be dismissed pursuant to FED. R. CIV. P. 41(b) for failure to

      prosecute and failure to obey Court orders.

(2)    Any outstanding motions be **DENIED** as moot.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **July 25, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 11th day of July, 2011.

                                      /s/ Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE